ALD-295                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2404
_____

CONFESSOR D. PABON,
                                                          Appellant

v.

STATE CORRECTIONAL OFFICER, R.M. LEMASTER,
Sgt 2-10 Shift, Commonwealth of Pennsylvania Department of Corrections; STATE
CORRECTIONAL OFFICER, MR. MATTHEWS, Sgt 2-10 Shift,
Commonwealth of Pennsylvania Department of Corrections

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cv-00805)
District Judge: Honorable Gary L. Lancaster

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 23, 2010

Before:  SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed: October 14, 2010)
_____

OPINION
_____

1

PER CURIAM

Confessor D. Pabon, a prisoner at the State Correctional Institution at Greene, appeals from an order of the District Court denying his motion to reopen a pro se civil rights action. For the reasons that follow, we will summarily affirm.

In June 2007, Pabon filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. He named as defendants two of the prison guards at Greene, alleging that they violated his constitutional rights by verbally abusing him, conspiring against him, subjecting him to excessive force, and placing him in unconstitutional conditions of confinement.

The defendants moved to dismiss the case. Pabon never filed a response to the motion, despite being ordered to do so by the District Court. Instead, he filed motions for appointment of counsel and leave to amend the complaint. The District Court denied Pabon's motions and granted the defendants' motion in part, dismissing the verbal-abuse and conspiracy claims, but not the Eighth Amendment excessive-force and conditions-of-confinement claims.

In August 2008, the defendants moved for summary judgment on the remaining claims. Again, Pabon failed to file a response, despite being ordered to do so. In October 2008, the District Court dismissed the case for failure to prosecute after applying the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). Pabon did not appeal.

Eighteen months later, Pabon filed a motion to reopen the case. He argued that his

2

inability to speak English, or to read any language, including his native Spanish, prevented him from responding to any of the defendants' motions or filing a notice of appeal.[1] He also argued that the District Court erred when it did not appoint counsel. The District Court denied this motion, and Pabon filed a timely notice of appeal.[2]

Federal Rule of Civil Procedure 60(b)(6) allows for a court to grant relief from a final judgment.[3] "[A] movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). The motion will not be granted unless the movant makes "a showing that without relief from the judgment, an extreme and unexpected hardship will result." Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008) (citation and internal quotations omitted).

Pabon has not shown that any extraordinary circumstances contributed to the lapse of time between the entry of final judgment and the filing of the motion to reopen. His argument about the difficulties presented by his language problems is undercut by the seven

---

[1] This motion, as well as all of the other documents that Pabon filed while the case was pending in the District Court, was apparently prepared by another inmate.

[2] We have jurisdiction to hear this appeal. 42 U.S.C. § 1291. We review denials of motions to reopen for abuse of discretion. Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987). We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. L.A.R. 27.4; I.O.P. 10.6.

[3] None of the other provisions of Rule 60(b) apply here because Pabon filed this motion more than one year after the entry of final judgment, and because the judgment has not been reversed or vacated.

motions that he filed throughout the litigation. There is no apparent explanation as to why he was able to file some documents with the District Court, but not other documents.

For the foregoing reasons, we conclude that this appeal presents no substantial question.[4] Accordingly, we will affirm the judgment of the District Court.

---

[4] The eighteen-month delay between the disposition of the case and the filing of this motion is well beyond the thirty-day period for filing notices of appeal, Fed. R. App. P. 4(a)(1)(A), or extending the time to appeal via Rule 4(a)(4)(A)(vi). Thus, to the extent that Pabon's motion can be read as an appeal of the District Court's denial of appointment of counsel, we lack jurisdiction to hear the claim. See Bowles v. Russell, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").